IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **HENRY LEE GIVENS,** | § § § § § | |
| Plaintiff, | | |
| v. | § § | Case No. 6:18-CV-656-JDK-JDL |
| **LONGVIEW POLICE DEPARTMENT,** | § § § § | |
| Defendant. | | |

**ORDER ADOPTING REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. Plaintiff Henry Lee Givens ("Plaintiff"), proceeding *pro se*, filed a Complaint on December 26, 2018, against Defendant Longview Police Department ("Defendant"). Docket No. 1. Later, on April 29, 2019 and May 2, 2019, Plaintiff filed Amended Complaints. Docket Nos. 11 and 12. The May 2, 2019 Amended Complaint (Docket No. 12) serves as the live and operative pleading in this case. On May 23, 2019, the Magistrate Judge issued his Report and Recommendation (Docket No. 13), recommending this case be dismissed without prejudice because Plaintiff failed to state any cause of action against a Defendant with capacity to be sued. Plaintiff filed Objections (Docket No. 16) to the Report and Recommendation on June 3, 2019.

The Court reviews *de novo* the portions of the Magistrate Judge's findings to which objections have been raised. 28 U.S.C. § 636(b)(1). Having reviewed the Magistrate Judge's findings and Plaintiff's objections, the Court **OVERRULES** Plaintiff's Objections (Docket No. 16) and **ADOPTS** the Magistrate Judge's Report and Recommendation (Docket No. 13) as the

findings of the Court. As the Magistrate Judge found, dismissal is appropriate because Plaintiff failed to name a Defendant with capacity to be sued.

**I.**

The Court reviews objected-to portions of the Magistrate Judge's Report and Recommendation *de novo*. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). A court conducting a *de novo* review examines the entire record and makes an independent assessment under the law. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**II.**

Plaintiff's Objections (Docket No. 16) argue that he is currently in jail and lacks any help to find out who exactly released a newspaper article that Plaintiff claims slandered and defamed his character. Plaintiff argues this case should move forward because he has asserted that his rights were violated. Plaintiff's objections, however, do not overcome the reasons the Magistrate Judge recommended dismissal. The Magistrate Judge found that the Longview Police Department is an entity that lacks capacity to be sued. Further, the Magistrate Judge ordered Plaintiff to name the individuals he wanted to sue and include a "statement showing how each named defendant is involved in the facts forming the basis of the lawsuit." Docket Nos. 8 & 13. Plaintiff failed to do so. Thus, this case must be dismissed. The Court may not act as an investigative agency to locate the appropriate Defendant for Plaintiff's claim. Plaintiff was provided multiple

opportunities to amend his Complaint but has failed to identify any Defendant with capacity to be sued. Accordingly, Plaintiff's objections are without merit.

## III.

Having made a *de novo* review of the objected-to portions of the Report and Recommendation (Docket No. 13), the Court finds, for the reasons explained above, that Plaintiff's Objections (Docket No. 16) should be **OVERRULED** and the Magistrate Judge's Report (Docket No. 13) should be **ADOPTED**. This action is **DISMISSED WITHOUT PREJUDICE** because Plaintiff failed to state any cause of action against a Defendant with capacity to be sued.

So **ORDERED** and **SIGNED** this **6th** day of **June, 2019.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE